IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MINNY FRANK, | No. C -13-00089 MMC (EDL) |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' REQUEST FOR PROTECTIVE ORDER** |
| v. | |
| COUNTY OF HUMBOLDT, et al., | |
| Defendants. / | |

On September 18, 2013, Plaintiff, who lives in Bend, Oregon, served notices of depositions on eight individual defendants from Humboldt County, setting the depositions to begin on October 10, 2013 in San Francisco. Because the individual Defendants reside and work in Humboldt County, Defendants have objected to the depositions taking place in San Francisco.

On September 26, 2013, Plaintiff filed a letter purporting to be a joint filing and setting out her position as to why the depositions should take place in San Francisco.[1] Also on September 26, 2013, Defendants filed a letter seeking a protective order against the depositions occurring in San Francisco. On October 2, 2013, the parties' dispute was referred to this Court for resolution. The Court has carefully reviewed the parties' filings, and for the reasons stated in this Order, grants Defendants' request for a protective order.

Ordinarily, "'the deposition of a party may be noticed wherever the deposing party designates, subject to the Court's power to grant a protective order.'" Fausto v. Credify Servs. Corp., 251 F.R.D. 427, 429 (N.D. Cal. 2008) (quoting Turner v. Prudential Ins. Co. of America, 119

---

[1] Defendants have filed a request to remove Plaintiffs' September 26, 2013 filing from the docket on the grounds that it is not a joint letter and that it was erroneously addressed to Magistrate Judge Spero. Defendants' request to remove the letter from the docket is denied, but the Court will only consider Plaintiffs' September 26, 2013 to the extent that it states Plaintiff's position.

F.R.D. 381, 383 (M.D.N.C. 1988)). However, "'[t]here is a general presumption that the deposition of a defendant should be conducted in the district of his residence [because while] plaintiffs bring the lawsuit and ... exercise the first choice as to the forum, [t]he defendants, on the other hand, are not before the court by choice.'" Id. (quoting Doe v. Karadzic, 1997 WL 45515 *3, 1997 U.S. Dist. LEXIS 1073, *8–9 (S.D.N.Y. 1997)). Once their protection is sought, district courts have wide discretion to establish the time and place of depositions. Hyde & Drath v. Baker, 24 F.3d 1162, 1166 (9th Cir.1994). Courts consider the relative convenience of and hardships to the parties when determining whether there is good cause to grant a protective order. Id. at 1166 (finding no abuse of discretion where Hong Kong-based corporate representatives were ordered to appear for deposition in San Francisco, since they previously had violated an order to appear in Hong Kong).

Here, the individual Defendants have demonstrated that they would suffer undue hardship if the depositions took place in San Francisco because: (1) the individuals live and work in Humboldt County; (2) the individuals do not normally travel to San Francisco in the course and scope of their employment; (3) the individuals would have to take at least one, if not two, days off work to travel to San Francisco; (4) the County would have to bear the cost of the travel and lodging for all eight deponents;[2] and (5) the County would have to bear the cost of travel and lodging for counsel for the individuals. Defendants also note that Humboldt County is closer to Plaintiff's home in Bend, Oregon, so it would be relatively more convenient for Plaintiff if the depositions were held in Humboldt County, and her costs would be similar.

Plaintiff argues that she is taking other depositions pursuant to Federal Rule of Civil Procedure 30(b)(6) of the hospital in Sacramento, so it makes sense to hold all of the depositions at the same time in similar location. However, Plaintiff is not seeking to conduct the depositions of the individual Defendants in Sacramento. Plaintiff also notes that she is proceeding pro se and will require the assistance of the Court during the depositions of the individual Defendants. However, if there is a dispute during a deposition, Civil Local Rule 37-1(b) permits parties to contact the Court by telephone regarding the dispute, which can be done from any location. The Court does not

---

[2] Plaintiff has offered to limit the depositions to three Defendants, but that offer would not eliminate the hardship to Defendants.

2

assume that these depositions will need to be monitored more closely by the Court. Plaintiff also argues that moving the depositions to Humboldt County will be prejudicial because she would need to reschedule them, and find deposition services in Eureka. However, Plaintiff has not made a showing that it would be unduly burdensome to arrange for deposition services there.

Considering the relative convenience of and hardship to the parties, there is good cause for a protective order against the depositions taking place in San Francisco. Although Plaintiff has offered Redding as an alternative city for these depositions, the balance weighs against taking the depositions there for the same reasons. Accordingly, the individual Defendants' depositions shall not go forward in San Francisco.

**IT IS SO ORDERED.**

Dated: October _7_, 2013

ELIZABETH D. LAPORTE
United States Magistrate Judge