United States District Court

For the Northern District of California

1
2
3
4
5
6
7          IN THE UNITED STATES DISTRICT COURT
8          FOR THE NORTHERN DISTRICT OF CALIFORNIA
9
10   MINNY FRANK,                              No. C 13-0089 MMC
11              Plaintiff,
                                               **ORDER GRANTING PLAINTIFF'S**
12      v.                                     **MOTION TO ADD PARTY**
13   COUNTY OF HUMBOLDT, et al.,
14              Defendants.
     _____/
15
16       Before the Court is plaintiff Minny Frank's ("Frank") "Motion to Add a Party," filed
17   January 10, 2014, by which Frank, pursuant to Rule 15 of the Federal Rules of Civil
18   Procedure, seeks leave to name Roxanne Halczak ("Halczak"), an employee of defendant
19   County of Humboldt, as a defendant to her complaint.  Defendants County of Humboldt,
20   County of Humboldt Department of Health and Human Services, James Bragg, Christy
21   Reihm, Katherine Young, and Keri Schrock (collectively, "County defendants") have filed
22   opposition, to which plaintiff has replied.  Having read and considered the papers filed in
23   support of and in opposition to the motion, the Court hereby rules as follows.[1]
24       Frank filed the operative complaint on May 22, 2013.  As noted, Frank's motion to
25   add Halczak as a defendant was not filed until January 10, 2014.  County defendants argue
26   plaintiff has unduly delayed in seeking amendment because (1) the deadline for fact
27
28       _____
         [1] By order filed March 5, 2014, the Court deemed the matter suitable for decision on
     the parties' written submissions and vacated the hearing set for March 7, 2014.

discovery, pursuant to the Pretrial Preparation Order, was February 7, 2014 (see Opp'n at 2:11-12); and, (2) plaintiff knew Halczak's name as early as July 27, 2013, as evidenced by plaintiff's reference to her in discovery requests served by plaintiff on that date (see id. at 2:12-15).

Where, as here, a responsive pleading has been filed and more than twenty-one days have passed thereafter, Rule 15 provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." See Fed.R.Civ.P. 15(a). As further provided therein, "[t]he court should freely give leave when justice so requires." See id.; see also Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (holding leave to amend ordinarily should be granted with "extreme liberality"). In determining whether such leave should be granted, the court considers the presence of "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" See id. at 1052 (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). Among those factors, "it is the consideration of prejudice to the opposing party that carries the greatest weight," see Eminence Capital, 316 F.3d at 1052, and "[t]he party opposing amendment bears the burden of showing prejudice," DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend," Eminence Capital, 316 F.3d at 1052 (emphasis in original).

Here, without further elaboration, County defendants argue prejudice has been shown because Halczak's responsive pleading would not be due until after the close of facts discovery. County defendants do not address any of the other factors identified in Foman, and to the extent their argument relies on the passage of time following the above-referenced discovery request, any such argument is unavailing, as "[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend." See Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999); see also United States v. Webb, 655 F.2d 977, 980 (9th Cir. 1981)

1  (noting "delay alone no matter how lengthy is an insufficient ground for denial of leave to

2  amend"; remanding for further proceedings where record contained no "finding of fact

3  showing bad faith or prejudice").[2]

4       Accordingly, for the reasons stated above, Frank's motion to add Halczak as a

5  defendant to the instant action is hereby GRANTED, on condition Frank files her Second

6  Amended Complaint and effectuates service of process on Halczak by March 28, 2014,

7  and files proof of service by April 4, 2014.[3]

8       **IT IS SO ORDERED.**

9

10 Dated: March 10, 2014

   MAXINE M. CHESNEY
   United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23  [2] By contrast, under Rule 16, which governs cases in which the pretrial scheduling
   order sets a deadline for amendment of pleadings, a motion to amend after expiration of
24  that deadline requires a showing of "good cause," see Fed. R. Civ. P. 16(b)(4), which, in
   turn, "primarily considers the diligence of the party seeking the amendment."  See Coleman
25  v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000).  In the instant case, the
   scheduling order does not include a deadline for amendment of pleadings.

26  [3] County defendants argue that, as a further condition, the Pretrial Preparation Order
27  should be modified to afford Halczak "a reasonable time to complete fact discovery and for
   designation of experts."  (See Opp'n 2:22-3:1.)  The Court declines at this time to make
28  such a modification, without prejudice to Halczak's so moving after she has appeared in the
   case.