IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MINNY FRANK,

        Plaintiff,

  v.

COUNTY OF HUMBOLDT, et al.,

        Defendants.
                                   /

No. C -13-00089 MMC (EDL)

**ORDER REGARDING PLAINTIFF'S DISCOVERY MOTIONS**

Before the Court are five discovery motions filed by Plaintiff Minny Frank.  Docket Nos. 111, 113, 114, 115, 126.  Because these matters are appropriate for decision without oral argument, the Court vacated the May 6, 2014 hearing.

**Plaintiff's Motion to Compel Discovery Responses from County of Humboldt**

Plaintiff seeks the Child Welfare Services records relating to her son from the County of Humboldt.  These records are protected from disclosure by California Welfare & Institutions Code Section 827 without first obtaining authorization for release of the records from the Humboldt County Superior Court.  Section 827 lists the people and entities that can inspect juvenile case files. The term "juvenile case files" is defined by section 827(e):  "For purposes of this section, a 'juvenile case file' means a petition filed in any juvenile court proceeding, reports of the probation officer, and all other documents filed in that case or made available to the probation officer in making his or her report, or to the judge, referee, or other hearing officer, and thereafter retained by the probation officer, judge, referee, or other hearing officer."  Although a juvenile's parents can inspect juvenile case files (Cal. Wel. & Inst. Code § 827(a)(1)(D)), the release of the records is within the control of the state court.  See Lorenza P. v. Superior Court, 197 Cal.App.3d 607, 611 (1988) (stating that the

1  juvenile court has exclusive authority to determine the extent to which confidential juvenile records
2  may be released and controls "the time, place and manner of inspection."). Even if the juvenile
3  court proceedings are not instituted and the matter is handled informally, the records relating to the
4  incident remain confidential. Id. at 610. There does not need to be a filed petition for
5  confidentiality to attach.

6  Plaintiff argues that because she is the juvenile's mother, she is entitled to obtain the records
7  on her own, so the County should provide them to her in this case. However, as set forth above,
8  release of the records requires an order from the state court. The County Defendants are preparing
9  to petition the superior court for release of the records to them for use in this litigation. Delaney
10 Decl. ¶ 5. As part of that process, the County Defendants asked Plaintiff to stipulate to entry of a
11 protective order in this litigation to govern the use of the records, so that County Defendants could
12 provide the records to Plaintiff. Delaney Decl. ¶ 6. Plaintiff has refused to enter into the protective
13 order because she wants to use the records outside the context of this case. Delaney Decl. ¶ 7; Reply
14 at 2. If Plaintiff seeks to use the records for other litigation, she must petition the superior court.
15 Entry of a protective order in this case governing the use of the juvenile records, as proposed by the
16 County Defendants, is reasonable.

17 In the reply, Plaintiff argues that the Court should compel individual County Defendants to
18 answer requests for production of documents and interrogatories. Plaintiff improperly raises the
19 issue of this written discovery in the reply. Further, the County Defendants note that Plaintiff agreed
20 that these discovery requests would be withdrawn (Kloeppel Decl. ¶¶ 3-5), so a motion to compel is
21 not appropriate.

22 For these reasons, Plaintiff's motion to compel is granted with respect to the juvenile case
23 file records only on the condition that Plaintiff enter into the protective order proposed by County
24 Defendants. Plaintiff's motion to compel responses to written discovery as to individual County
25 Defendants is denied.

26

27 **Plaintiff's Motion to Compel Production of Documents from the Williams Defendants**

28 There are four document requests at issue:

2

No 21: A copy of all emails and written correspondence authored by you and exchanged with any person affiliated with or employed by or an agent of CBS, Paramount Pictures and the Dr. Phil Show.

No. 22: A copy of all emails and written correspondence sent to you by all persons affiliated with, employed by or an agent of CBS, Paramount Pictures and the Dr. Phil Show.

No. 41: A copy of all emails and written correspondence exchanged between you and James Bragg and Christy Reihm.

No. 42: A copy of all emails and written correspondence exchanged between you and Paul Hyppolite.

With respect to numbers 41 and 42, the Williams Defendants state in the opposition that on March 10, 2014, they sent Plaintiff all emails and written correspondence responsive to these requests. Plaintiff does not dispute this in the reply. Thus, as to these document requests, Plaintiff's motion to compel is denied as moot.

Plaintiff has not shown that documents responsive to numbers 21 and 22 are relevant to this litigation. The motion to compel production of documents in response to these requests is denied with prejudice.

**Plaintiff's Motion to Compel Interrogatory Responses from the Williams Defendants**

Plaintiff filed this motion seeking interrogatory responses from the Williams Defendants, arguing that Defendants had failed to serve any responses to Plaintiff's interrogatories. In the opposition, the Williams Defendants state that they responded to the interrogatories on March 31, 2014. Therefore, Plaintiff's motion to compel is denied as moot.

**Plaintiff's Motions to Compel Discovery from BHC Sierra**

Plaintiff filed two discovery motions against BHC Sierra. BHC Sierra did not oppose the motions, but informed the Court that it provided the discovery sought by Plaintiff through the motions. Therefore, Plaintiff's motions are denied without prejudice if Plaintiff can show that Defendants did not respond.

**IT IS SO ORDERED.**

3

Dated: April 8, 2014

_Elizabeth D. Laporte_
ELIZABETH D. LAPORTE
United States Chief Magistrate Judge