United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MINNY FRANK, | No. C -13-00089 MMC (EDL) |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND REQUEST FOR JUDICIAL NOTICE** |
| v. | |
| COUNTY OF HUMBOLDT, et al., | |
| Defendants. | |

On April 9, 2014, the Court issued an Order resolving five discovery motions filed by Plaintiff. Also on April 9, 2014, Plaintiff filed a Motion for Reconsideration and Request for Judicial Notice, arguing that she believed that the Court failed to take notice of her reply brief filed in support of her Motion to Compel Interrogatory Responses from the Williams Defendants. Because the Court reviewed all materials filed in connection with all five discovery motions, the Request for Judicial Notice is denied as moot.

Civil Local Rule 7-9 governs motions for leave to file motions for reconsideration. Subsection (b) of that Rule states:

> (b) Form and Content of Motion for Leave. A motion for leave to file a motion for reconsideration must be made in accordance with the requirements of Civil L.R. 7-9. The moving party must specifically show:
>
> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b). Here, Plaintiff failed to file a Motion for Leave to File a Motion for

Reconsideration as required by the Local Rules in advance of filing a Motion for Reconsideration. However, even if the Court construes Plaintiff's April 9, 2014 filing as a Motion for Leave to File a Motion for Reconsideration, that Motion is denied.

A district court has the discretion to reconsider its prior orders. Sch. Dist. No. 1 J, Multnomah Cnty., Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir.1993). Reconsideration is appropriate if the district court: (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Id.; see also Civ. L.R. 7-9(b). Generally, motions for reconsideration are disfavored, and are not the place for parties to make new arguments not raised in their original briefs. Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-26 (9th Cir.1988). Nor is reconsideration to be used to ask the Court to rethink what it has already thought. See United States v. Rezzonico, 32 F.Supp.2d 1112, 1116 (D. Ariz.1998) (citing Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va.1983)). Here, Plaintiff has failed to provide a basis for reconsideration. She has failed to present newly discovered evidence, and she has not shown that the Court committed clear error or that the initial decision was unjust. Further, Plaintiff has not cited an intervening change in the law.

**IT IS SO ORDERED.**

Dated: April 10, 2014

_____
ELIZABETH D. LAPORTE
United States Chief Magistrate Judge