IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MINNY FRANK,<br><br>    Plaintiff,<br>  v.<br>COUNTY OF HUMBOLDT, et al.,<br><br>    Defendants. | No. C 13-0089 MMC<br><br>**ORDER GRANTING DEFENDANT ABDUL QADIR'S MOTION TO STRIKE; VACATING MAY 9, 2014 HEARING** |

    Before the Court is defendant Abdul Qadir's ("Qadir") "Notice of Motion and . . . Motion to Strike Portions of Plaintiff's Second Amended Complaint"[1] and "Memorandum of Points and Authorities," each filed March 28, 2014.  Plaintiff has filed opposition, to which Qadir has replied.  Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the parties' written submissions, VACATES the hearing set for May 9, 2014, and rules as follows.

    On January 10, 2014, plaintiff, pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, filed a Motion to Add Party, in which she sought leave "to name one of the Doe defendants already mentioned in the complaint," specifically, Roxanne Halczak (see Motion to Add Party at 2:12-13), and stated she was "not requesting to make any other amendment to the complaint," and that she did "not intend to alter or edit the previously

---

[1] Although the chambers copy of Qadir's Notice of Motion is complete, the filed version is missing its second page.  Qadir is hereby DIRECTED to file, in the public record and no later than April 30, 2014, a complete copy of his Notice of Motion.

1 filed amended complaint in any way" (see id. at 2:20-21; 3:5-6).  By order filed March 10,
2 2014, the Court granted plaintiff's motion.

3 On March 28, Qadir filed the instant motion, in which he identifies twenty-five
4 "substantive additions and modifications" (see Mot. at 4:21-22) made by plaintiff in the
5 Second Amended Complaint (see Notice of Motion at 2:19-4:13; Second Amended
6 Complaint, filed March 11, 2014).  Among such changes is the addition of Qadir as a
7 defendant to plaintiff's Second, Third, Fourth, and Sixth Claims for Relief; in the Amended
8 Complaint, Qadir was named as a defendant only to plaintiff's Fifth Claim for Relief.

9 Where a responsive pleading has been filed and more than twenty-one days have
10 passed thereafter, "a party may amend its pleading only with the opposing party's written
11 consent or the court's leave."  See Fed. R. Civ. P. 15(a)(2).  Here, plaintiff was not given
12 leave to make the changes identified by Qadir.  Consequently, the challenged language will
13 be stricken, without prejudice to plaintiff's filing a motion to amend to add any such new
14 allegations, at which time Qadir, as well as any other defendant, will have an opportunity to
15 file opposition based on the merits of that request.  See Eminence Capital, LLC v. Aspeon,
16 Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing factors relevant to determination of motion
17 to amend; noting "prejudice to the opposing party . . . carries the greatest weight").

18 Accordingly, the Motion to Strike is hereby GRANTED, and the language identified in
19 Qadir's Notice of Motion[2] is hereby STRICKEN from plaintiff's Second Amended Complaint,
20 without prejudice to plaintiff's filing a motion to amend to add new allegations.

21 **IT IS SO ORDERED.**

22
23 Dated: April 25, 2014

_____
MAXINE M. CHESNEY
United States District Judge

---

[2] As noted, plaintiff did not have an opportunity to see the above-referenced missing page prior to filing her opposition.  The Court's decision herein is not, however, dependant upon the content of that page.

2