IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MINNY FRANK, | No. C 13-0089 MMC |
| Plaintiff, | **ORDER DENYING MOTION FOR LEAVE TO AMEND** |
| v. | |
| COUNTY OF HUMBOLDT, et al., | |
| Defendants. | |

Before the Court is plaintiff Minny Frank's ("Frank") Motion for Leave to Amend Complaint, filed April 26, 2014, by which Frank seeks to add defendant Abdul Qadir, M.D. ("Qadir") to three existing causes of action, specifically, her Second Claim for Relief ("Fourth and Fourteenth Amendment, Equal Protections of the Law and Due Process"), Third Claim for Relief ("Section 1985–Conspiracy to Interfere With Civil Rights, and Supervisor Liability Claims Pursuant to Section 1983 Claims"), and Fourth Claim for Relief ("Fraud and Deceit"), as well as to her claim for punitive damages. Defendant Qadir has filed opposition thereto, to which Frank has replied. The Court, having read and considered the papers filed in support of and in opposition to the motion, deems the matter suitable for determination on the parties' respective written submissions, VACATES the hearing scheduled for June 13, 2014, and rules as follows.

**BACKGROUND**

The instant action was filed January 8, 2014, and involves a dispute as to the care and custody of Frank's minor son following his attempted suicide. On May 22, 2013, Frank filed an Amended Complaint ("AC"), by which, inter alia, Qadir was named as a defendant to a new cause of action for negligence. In her AC, Frank alleges that Qadir "fail[ed] to treat the minor child for his mental illness and . . . discharg[ed] the minor child without [Frank's] informed consent or participation in the discharge process planning" (AC ¶ 146), that, as a result, "the minor child was never stabilized on anti-psychotic medications and is at risk for a repeat of future suicide attempts" (id. ¶ 149), that as a result of Qadir's alleged negligence "the minor child was released to [his father,] a person having no legal right of custody[,] and [that] the child was abducted and removed to the state of Nevada by [his father]" (id. ¶ 150).

On March 10, 2014, the Court granted Frank's motion to amend to substitute Roxanne Halzcak ("Halzcak") for a "Doe" defendant, and, on March 11, 2014, Frank filed a Second Amended Complaint ("SAC"). On March 28, 2014, Qadir moved to strike portions of the SAC on the ground that Frank had not only named Halzcak as a defendant but had added Qadir as a defendant to the above-referenced three causes of action and to her claim for punitive damages. On April 25, 2014, the Court granted Qadir's motion to strike. By the instant motion, Frank seeks to file the SAC she originally filed on March 11, 2014.

**LEGAL STANDARD**

Where, as here, a party's pleading has been amended at least once, such party "may amend its pleading only with the opposing party's written consent or the court's leave." See Fed. R. Civ. P. 15(a)(2). District courts, however, "should freely give leave when justice so requires." See id. In determining whether leave should be granted, the court considers such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir.

2

2003) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).  Although delay, as noted, is relevant, "delay alone no matter how lengthy is an insufficient ground for denial of leave to amend."  See United States v. Webb, 655 F.2d 977, 980 (9th Cir. 1981).  Among the listed factors, "it is the consideration of prejudice to the opposing party that carries the greatest weight."  See Eminence Capital, LLC, 316 F.3d at 1048.

**DISCUSSION**

**A.     Undue Delay**

In support of the instant motion, Frank argues that it was only through her October 8, 2013 deposition of defendant Paul Hyppolite ("Hyppolite") that she became aware of "the depth of her claims" against Qadir.  (See Mot. at 5:6-8; 6:11-12.)  Specifically, Frank asserts, she learned in that deposition that Qadir "worked with County agents to release the minor child to [his father] without [Frank's] permission," that Qadir "was a staff physician and . . . acting Medical Director of the [hospital's] adolescent unit," and that Qadir "was responsible for the actions for his trainee [Hyppolite] in a supervisory capacity/vicarious liability capacity."  (See id. at 5:7-8. 6: 12-17.

Even assuming Frank only learned of such facts in October 2013, however,[1] Frank offers no explanation as to why she waited until March 11, 2014 to attempt to file the claims now at issue, and until April 26, 2014 to seek leave to do so.  Frank's unexplained delay in filing the instant motion weighs against granting leave to amend.  See Jackson v. Bank of Hawaii, 902 F.2d 1385, 1388 (9th Cir. 1990) (holding district court did not abuse discretion by denying leave to amend complaint one year after action commenced; finding "delay in filing an amended complaint from October 1987 to May 1988 . . . inexplicable and unjustified"); Lockheed Martin Corp. v. Network Solutions, Inc., 194 F.3d 980, 986 (9th Cir. 1999) (noting, although "delay is not a dispositive factor in the amendment analysis, it is relevant, especially when no reason is given for the delay") (internal citation omitted).

---

[1] In her reply, Frank states "there is no dispute that [her] proposed amendments are based on the same set of facts initially pled" (Reply at 5:18-19), which could be read as contradicting her assertion that whatever new facts she may have learned in October 2013 are material to her proposed amendment.

3

### B. Bad Faith

To deny leave to amend on the basis of bad faith, there must be evidence indicating a wrongful motive on the part of the plaintiff. See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987) (citing, as example of bad faith, plaintiff who seeks to add defendant to destroy diversity and court's jurisdiction). Here, Qadir argues, Frank's addition of three new claims against him after having requested leave solely to add a new party reflects a "misstatement[] as to the purported scope of the amendment" and, when coupled with her unexplained delay, "tend[s] to evidence bad faith on Frank's part." (See Opp'n at 10:8-9.)

Although, as discussed above, Frank has, for some time, been aware of the facts upon which her proposed amendments are based, the Court is not persuaded that the record presented supports a finding of intent to mislead the Court, nor does the record otherwise suggest Frank engaged in conduct constituting bad faith.

### C. Futility

Qadir argues the proposed amendments would be futile because Frank's various claims are pleaded with insufficient specificity (see, e.g., Opp'n at 10:24-11:7; 11:25-12:9), and her punitive damages claim does not meet the requirements of California Code of Civil Procedure section 425.13, under which a plaintiff must make a sufficient evidentiary showing to "establish[] that there is a substantial probability" that "the defendant has been guilty of oppression, fraud, or malice." See Cal. Code Civ. P. § 425.13(a); Cal. Civil Code § 3294(a).

Denial of leave to amend on grounds of futility, however, "is rare," and, "[o]rdinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." See Netbula, LLC v. Distinct Corp., 212 F.R.D. 534, 539 (N.D. Cal. 2003). Here, even if Frank's proposed complaint were in some respects deficient, it is not clear that any such deficiency could not be cured by further amendment, and, consequently, Qadir fails to show the proposed amendments would be futile.

4

**D.     Prejudice**

In the AC, Qadir is named as a defendant only to the Fifth Claim for Relief, which alleges a cause of action for negligence.  Qadir argues he will be prejudiced if the proposed amendments are allowed, because additional motion practice will be required and additional discovery will be necessary.  See Lockheed Martin Corp, 194 F.3d at 986 (holding "[a] need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint"); Jackson, 902 F.2d at 1387-88 (finding prejudice shown where "additional discovery would have to be undertaken on [the] new claims").

Here, the fact discovery cut-off date, as set forth in the Court's Pretrial Order, was February 7, 2014, and the expert discovery cut-off date was May 9, 2014.  (See Pretrial Preparation Order, filed July 22, 2013.)  The deadline for the filing of dispostive motions was June 6, 2014; nine such motions have been filed.  If Frank's proposed new claims against Qadir were to survive a motion to dismiss, each of the above-referenced, and now expired, deadlines would need to be extended, and, as a consequence, the entire action would be delayed.

In support of her motion, Frank argues the AC's description of Qadir as the "authorizing [p]hysician" should have put him "on notice that any complaint in regard to the discharge of the minor child to a virtual stranger would fall upon his shoulders in regard to liability."  (Mot. 4:11-16.)  Frank fails, however, to address Qadir's argument that, in preparing his case, he should have been able to rely on the AC and, in particular, Frank's specific identification of the defendants against whom each cause of action was brought. (See Opp'n at 9:5-16) (noting "Qadir's name was not included in the Second, Third and Fourth subheadings with the other defendants" but, rather, "only appeared in the subheading for the Fifth Cause of Action").

Frank next argues that no additional discovery is needed because, on March 12, 2014, she provided responses to Qadir's interrogatory requests regarding the claims alleged in the SAC, as well as deposition testimony on March 19, 2014, all shortly after she

5

filed her unauthorized SAC on March 11, 2014; in the alternative, Frank argues that, should additional discovery be required, "[t]o a certain extent, fact-finding is not closed but mutually stipulated as open in regard to [Frank]." (See Reply at 2:16-17; 7:12-15.) Neither such argument, however, addresses Qadir's potential need to obtain discovery from anyone other than Frank, e.g., the other defendants with whom Qadir is now alleged to have conspired. Nor does Frank address the expiration of other deadlines in the case, specifically, the close of expert discovery and the deadline for filing dispositive motions.

In sum, "[t]o put [Qadir] through the time and expense of continued litigation on a new theory, with the possibility of additional discovery, would cause undue prejudice." See Ascon Properties, Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) (internal quotation and citation omitted).

### E.  Prior Amendments

During the eighteen months the above-titled action has been pending, Frank has had ample opportunity to amend her pleadings, conduct discovery, and investigate her claims against Qadir. Indeed, she has twice amended her complaint with leave of court. "The district court's discretion to deny leave to amend is particularly broad where [the] plaintiff has previously amended the complaint." See Ascon Properties, Inc., 866 F.2d at 1161. Here, at a stage of the litigation at which discovery has essentially closed and dispositive motions have been filed, the Court finds a return to the pleading stage would do a disservice to all parties involved.

## CONCLUSION

The Court having considered and weighed the above-referenced relevant factors, Frank's motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated: June 11, 2014

MAXINE M. CHESNEY
United States District Judge

6